IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| AMANDA YATES,[1] | § |
| | § No. 23, 2020 |
| Respondent-Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN10-01063 |
| LOUIS SMALLS, III, | § Petition Nos. 19-07946 |
| | § 19-07970 |
| Petitioner-Respondent Below, | § 19-21374 |
| Appellee. | § |

Submitted: November 6, 2020
Decided: January 8, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Amanda Yates ("the Mother"), filed an appeal from the Family Court's November 26, 2019 order denying in part and granting in part the petition to modify custody filed by the appellee, Louis Smalls, III ("the Father"), and granting the parties' petitions for rules to show cause. She also appealed the Family Court's December 20, 2019 orders denying her motion for reargument and her

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

motion for a confidential address. For the reasons set forth below, we affirm the Family Court's judgment.

(2) The record reflects that the parties are the parents of three children born in 2009, 2010, and 2013 ("the Children"), respectively. At the time of the petitions underlying this appeal, the parents shared joint custody of the Children with the Father having primary residential placement and the Mother having visitation every other weekend. On March 22, 2019, the Father filed a petition for modification of custody to reduce the Mother's visitation, to change the visitation exchange location, and to change the Children's schools. He also filed a petition for a rule to show cause based on certain actions of the Mother and her failure to comply with previous court orders. On August 1, 2019, the Mother filed a petition for a rule to show based on the Father's failure to comply with previous court orders.

(3) After a hearing on all of the petitions on November 8, 2019, the Family Court issued a written decision on November 26, 2019. As to the Father's petition to modify custody, the Family Court denied the Father's request that the Mother's visitation be reduced, but granted the Father's request that the exchange location for visits and the Children's schools be changed. The Family Court found the Mother in contempt based on two of the Father's allegations, but found a sanction ($100.00) was appropriate for only one of the contempt findings. The Family Court found the Father in contempt based on four of the Mother's allegations, but found a sanction

($100.00) was appropriate for only one of the contempt findings. The Family Court also found that there was no basis to maintain the confidentiality of the Mother's address and ordered the Mother to file a motion for confidential address, including the basis for such a motion, within twenty days if she wished her address to remain confidential.

(4)     On December 9, 2019, the Mother filed a motion for reargument. On December 17, 2019, the Mother filed a motion for a confidential address. On December 20, 2019, the Family Court dismissed the Mother's reargument motion for lack of jurisdiction because the Mother filed the motion more than ten days after issuance of the November 26, 2019 order. The Family Court also denied the Mother's motion for confidential address, finding an insufficient basis for the motion based on a review of the file, the Father's behavior in court, the Mother's transience, and the parties' criminal histories. This appeal followed.

(5)     This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] On appeal, the Mother argues that the Family Court erred in finding her in contempt, failing to impose more sanctions on the Father, and denying her motion for a confidential address.

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*

3

(6)     We do not consider the Mother's arguments concerning the November 26, 2019 contempt order because her appeal of that order was untimely.  The Mother filed her appeal on January 16, 2020, more than thirty days after the notice of appeal should have been filed.[4]  A timely motion for reargument tolls the time for filing an appeal in this Court, but the Mother's motion for reargument was untimely.[5]

(7)     Under the version of Family Court Civil Rule 59(e) in effect at the time the Mother's motion for reargument, a timely motion for reargument was to be filed within ten days of the filing of the contempt order.  A motion for reargument of the contempt order was due in this case by December 6, 2019, but the Mother filed her motion on December 9, 2019.  The Family Court did not err in dismissing the Mother's untimely motion for reargument.[6]   Finally, we find no error or abuse of discretion in the Family Court's denial of the Mother's motion for confidential address.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] Del. Supr. Ct. R. 6(a)(i).

[5] *See, e.g., Fields v. Davis*, 2012 WL 2336745, at *1 (Del. June 19, 2012) ("Because Father's untimely motion for reargument did not toll the time to file his appeal from the Family Court's August 18, 2011 order in this Court, his November 7, 2011 appeal from that order is untimely and this Court lacks jurisdiction to consider it.").

[6] *Id.* (affirming the Family Court's denial of untimely motion for reargument).